**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

_____ Valuation of Security    _____ Assumption of Executory Contract or Unexpired Lease    _____ Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:    Case No.: 18-21446
Felipe Fernandez
                                    Judge: MBK
SS xxx-xx-5087

    Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☐ Modified/Notice Required    Date: 08/13/2019

☐ Motions Included    ☒ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____    Initial Debtor: _____    Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a. The debtor shall pay $ __500__ per __month__ to the Chapter 13 Trustee, starting on __2/1/2019__ for approximately __29__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 38 Highland Terrace, Fords, NJ  08863
Proposed date for completion: October 31, 2019

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☐ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____1300_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: __Carrington Mortgage Services, LLC__ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0 |
| DOMESTIC SUPPORT OBLIGATION | | N/A |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4:    Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bank of America (Carrinton Mortgage Services, LLC) | 38 Highland Terrace, Fords, NJ | $219,254 | 5% | None | $1300 as protection until loss mitigation is confirmed. Creditor cancelled loss mitigation after all documents submitted. Motion to Extend Loss Mitigation pending. |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

    1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

    2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| 1. Toyota Motor Credit Corporation | 1. 2013 Ford F150 | 1. $400 per proof of claim and $1527.02 per Order Resolving Motion for Relief from Stay 7/9/119 for a total of $1927.02. See Proof of Claim #3. |

## Part 5:  Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| Counsel fees and filing fee to KML Law Group, P.C., | Order Resolving Motion for Relief from Stay 7/9/119 | as Trustee deems appropriate | $531 |

**Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| MERCEDES BENZ | NONE | Auto Lease | Paid Timely | $788.07 |
| Toyota Motor Credit | as noted above | Auto Financing on purchase of Used 2013 Ford F15 Pickup | To be paid timely outside plan (other than arrears as noted) | $305.67 |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) _____

3) _____

4) _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 08/13/2019 _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| to reflect agreement per Consent Order Resolving Motion for Relief from Stay 7/9/119 (and to reflect confirmation of plan dated 01/07/2019) | Payment towards Proof of Claim No. 3 to Toyota Motor Credit now increased to $1927.02<br><br>Payment towards counsel fees of KLM Last Group of $531.00 for Order Resolving Motion for Relief from Stay 7/9/119 |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 08/13/2019                           /s/ Felipe Fernandez
_____            _____
                                           Debtor

Date: _____      _____
                                           Joint Debtor

Date: 08/13/2019                           /s/ Richard F. Fried
_____            _____
                                           Attorney for Debtor(s)

```
                                United States Bankruptcy Court
                                     District of New Jersey

In re:                                                                 Case No. 18-21446-MBK
Felipe Fernandez                                                       Chapter 13
         Debtor                      CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin                   Page 1 of 2           Date Rcvd: Aug 14, 2019
                              Form ID: pdf901               Total Noticed: 30


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 16, 2019.
db             +Felipe Fernandez,    38 Highland Terrace,    Fords, NJ 08863-1303
lm             +Carrington Mortgage Services, LLC,    P.O. Box 5001,    Westfield, IN 46074-5001
517700055      +Bank of America, N.A.,    Carrington Mortgage Services, LLC,
                 1600 South Douglass Road, Suite 200-A,    Anaheim, CA 92806-5948
517630107      +Bank of Americs,    100 North Tryon St,   Charlotte, NC 28255-0001
517575145      +Bureau Of Accounts Control,    Po Box 538,   Howell, NJ 07731-0538
517575148      +Chase,   PO Box 15153,    Wilmington, DE 19886-5153
517591777      +Hyundai Lease Titling Trust,    PO Box 20825,    Fountain Valley, CA 92728-0825
517630108       Jocelyn Perales,    Clifton, NJ
517618302      +Joel F. Baum DDS,    c/o JEROME F. O' BRIEN, ESQ,    PO Box 505,   West Caldwell , NJ 07007-0505
517630110      +Mary Fernandez,    38 Highland Terrace,   Fords, NJ 08863-1303
517575152      +Mercedez Benz Financial,    Po Box 17496,   Baltimore, MD 21297-1496
517984128       OSLA,   US Dept. of ED,    POB 18475,   Oklahoma City, OK 73154-0475
517630109      +Parker McKay,    9000 Midlantic Dr,   Ste 300 POB 5054,    Mt Laurel, NJ 08054-1548
517575154       Resorts USA,    RR 209,   Bushkill, PA 18324
517575156     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Motor Credit,    5005 N River Blvd Ne,
                 Cedar Rapids, IA 52411)
517634002      +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 15 2019 00:04:39     U.S. Attorney,    970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 15 2019 00:04:36     United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517575144      +E-mail/Text: g20956@att.com Aug 15 2019 00:05:12     At&T Mobility,    208 South Akard St,
                 Dallas, TX 75202-4206
517575146      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 15 2019 00:00:34     Capital One,
                 Po Box 30281,   Salt Lake City, UT 84130-0281
517671234       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 15 2019 00:00:32
                 Capital One Bank (USA), N.A.,    PO Box 71083,   Charlotte, NC  28272-1083
517575149      +E-mail/Text: electronicbkydocs@nelnet.net Aug 15 2019 00:04:41     Department Of Education,
                 121 S 13th St,   Lincoln, NE 68508-1904
517575150      +E-mail/Text: bankruptcynotices@dcicollect.com Aug 15 2019 00:05:10     Diversified Consultants,
                 Po Box 551268,   Jacksonville, FL 32255-1268
517575151      +E-mail/PDF: gecsedi@recoverycorp.com Aug 15 2019 00:01:56     Gecrb,    Po Box 965001,
                 Orlando, FL 32896-5001
517658182       E-mail/PDF: resurgentbknotifications@resurgent.com Aug 15 2019 00:01:27
                 LVNV Funding, LLC its successors and assigns as,    assignee of CVF Consumer Acquisition,
                 Company,   Resurgent Capital Services,   PO Box 10587,    Greenville, SC 29603-0587
517669432      +E-mail/Text: bankruptcydpt@mcmcg.com Aug 15 2019 00:04:36     MIDLAND FUNDING LLC,
                 PO Box 2011,   Warren, MI 48090-2011
517575153      +E-mail/Text: bankruptcydpt@mcmcg.com Aug 15 2019 00:04:36     Midland Funding,
                 8875 Aero Dr, Suite 200,    San Diego, CA 92123-2255
517575155      +E-mail/PDF: gecsedi@recoverycorp.com Aug 15 2019 00:01:56     Syncb,    Po Box 965036,
                 Orlando, FL 32896-5036
517576035      +E-mail/PDF: gecsedi@recoverycorp.com Aug 15 2019 00:01:56     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517688365      +E-mail/PDF: gecsedi@recoverycorp.com Aug 15 2019 00:01:56     Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,   Norfolk VA 23541-1021
                                                                                              TOTAL: 14

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517575147     ##+Carrington Mortgage,   1610 E. Saint Andrew Place,    Santa Ana, CA 92705-4941
                                                                                 TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

```
District/off: 0312-3          User: admin                Page 2 of 2            Date Rcvd: Aug 14, 2019
                              Form ID: pdf901            Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2019                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 13, 2019 at the address(es) listed below:
              Albert    Russo    docs@russotrustee.com
              Charles G. Wohlrab     on behalf of Loss Mitigation    Carrington Mortgage Services, LLC
               cwohlrab@LOGS.com, njbankruptcynotifications@logs.com
              Charles G. Wohlrab     on behalf of Creditor    BANK OF AMERICA, N.A. cwohlrab@LOGS.com,
               njbankruptcynotifications@logs.com
              Denise E. Carlon     on behalf of Creditor    Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Krystin Miranda Kane     on behalf of Creditor    BANK OF AMERICA, N.A. kralex@logs.com
              Rebecca Ann Solarz     on behalf of Creditor    Toyota Motor Credit Corporation
               rsolarz@kmllawgroup.com
              Richard F. Fried     on behalf of Debtor Felipe   Fernandez friedlawyer@aol.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                         TOTAL: 8
```